No. 31,031

R. C. EASTMAN, *Appellant*, v. MYRTLE GREEN MORROW, Executrix of the Estate of A. M. Morrow, Deceased, *Appellee.*

(23 P. 2d 595.)

Opinion filed July 8, 1933.

*Rellis C. Eastman,* of Liberal, for the appellant.
*John C. King,* of Liberal, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was instituted in probate court to collect a promissory note. The probate court gave judgment for the holder of the note. An appeal was taken to the district court, which gave judgment for the maker of the note. The appeal is from that judgment.

The first question raised is that a motion to dismiss the appeal to the district court should have been sustained. This motion was filed on the ground that no affidavit of proof of service of the notice of appeal and no affidavit for appeal had been filed as required by R. S. 22-1102. A hearing was had on this motion. The evidence disclosed that the docket of the probate court did not show any record of the filing of such an affidavit. Counsel for the holder of the note, together with the probate judge, searched the files of the case every few days during the thirty-day period allowed for perfecting the appeal and found no affidavit. A few days after the thirty-day period had elapsed counsel for the holder of the note called at the office of counsel for the executor and advised the stenographer in that office that he held a final judgment against the estate and that no affidavit for appeal had been filed in the probate court. Within a few days an affidavit for appeal was discovered in the files of the case, with no filing mark on it.

At a hearing on the motion to dismiss the appeal in the district court the evidence of plaintiff was substantially as outlined above. While no denial of that motion was filed at the hearing, it was treated as though it had been denied. Counsel for the executrix, his stenographer and notary, who had prepared the affidavit and taken the acknowledgment to it, testified that the affidavit was prepared in time; that a complete file consisting of carbon copies of all papers in the case was kept in the office; that carbon copies of the notice of appeal and affidavit for appeal were in the file; that neither of them had any distinct recollection of having taken them to the office of the probate court; that neither had seen the affidavit and notice after filing until the time of the hearing, and that the papers had not been in their office since. There was testimony that occasionally, when some one came into the office to file papers and found the probate judge out, the papers would be left on the desk of the judge to be filed by him on his return. The trial court heard the evidence on the motion to dismiss the appeal and held against dismissal. This amounts to a finding of fact that the affidavit was in fact filed. It will be seen that this finding was based on conflicting evidence. It will not be disturbed on appeal.

The trial of the case on its merits was by the court. The note was for $3,500, dated July 27, 1920, payable in six months from that date. On the back appeared the following:

> "Oct. 25, 1920................................. $250
> May 1, 1927................................. $320
> Feb. 27, 1929................................. $72
> "Indorsed without recourse to R. C. Eastman by C. A. Sealey."

The hearing in probate court was on May 12, 1931, so it will be seen that the statute of limitations would have run but for the payments on May 1, 1927, and February 27, 1929.

Plaintiff endeavored to establish that these payments were made by the maker of the note, on the dates written on it, by the testimony of one Mahoney that Morrow told him that he had spent more on a trip to New Mexico with Sealey than he had expected to spend and that he "had put that much on the Sealey note." The plaintiff attempted to prove the execution of the note and the making of the payments by the testimony of Sealey, the payee of the note who had assigned it to Eastman. An objection to this evidence was sustained under the terms of R. S. 60-2804. The following offer of proof was then made:

"Mr. Eastman: The claimant now offers to show by Mr. Sealey that the indorsements on the back of claimant's exhibit No. 1, except as to where the date 'May 1, 1927' is written, that all of the rest of the writing on the back of it, including October 25, 1920, $250; paid $320; February 27, 1929, $72; that all of those matters that I have just enumerated represent credits for the claimant's exhibit No. 1, were all placed there in the presence of Mr. Morrow and with his consent and approval, and some of them written by him. I believe the word—the figures 'May 1, 1927' was put on there by either Mr. Morrow or Mr. Morrow's attorney; I am not sure or the estate's attorney, I am not sure just which that is. We offer to make that showing by Mr. Sealey."

An objection to this offer of proof was sustained. The plaintiff then rested his case. A demurrer to the evidence of plaintiff was then offered by defendant. This was taken under advisement by the court. The defendant did not introduce any evidence.

The court took the case under advisement and made the following finding:

"Now on this 22d day of January, A. D. 1932, the court finds that respondent's demurrer to evidence should be overruled, that respondent's objection to testimony introduced by claimant should be overruled, that the testimony offered is not sufficient to establish a voluntary payment by deceased upon the note in suit after the running of the statute of limitations, therefore, the court finds in favor of respondent for costs."

Judgment was accordingly entered in favor of defendant.

The error upon which plaintiff places the most stress is the order denying his motion for a new trial. He complains that evidence was rejected by the court which would have been sufficient to sustain a finding that the credits in question were put there by the maker of the note. The record discloses that this evidence was not offered to the trial court in any record form. On this account the refusal of the court to admit it cannot be urged here as error. (See R. S. 60-3004; also, *Leach v. Urschel*, 112 Kan. 629, 212 Pac. 111; also, *State, ex rel., v. State Highway Comm.*, 136 Kan. 297, 15 P. 2d 449.)

The plaintiff argues further that the uncontradicted evidence tended to prove that the indorsements on the note were put there by the maker on the dates named. The record shows that the trial court was of this opinion when the demurrer to the evidence of the plaintiff was overruled. The trouble is, however, that evidently the court did not believe this evidence, even though it was uncontradicted by any direct evidence. This court cannot compel the trial court to believe witnesses when it appears that tribunal did not

believe them. Neither can it reverse a judgment because offered evidence was not believed. (See *Fenn v. Kansas Gas & Electric Co.*, 118 Kan. 131, 234 Pac. 77; also, *Peoples National Bank v. Diven*, 135 Kan. 400, 10 P. 2d 883, and cases there cited.)

The judgment of the trial court is affirmed.